UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KATHLEEN B.,

                                             Plaintiff,

            v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                             Defendant.
_____

DECISION AND ORDER

20-CV-0466L

**PRELIMINARY STATEMENT**

Plaintiff brings this action pursuant to Section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner"). (Dkt. #1).

On September 30, 2016, plaintiff, then fifty-five years old, filed an application for a period of disability and disability insurance benefits under Title II of the Act, alleging disability beginning on October 15, 2013. That application was denied on January 20, 2017. (Dkt. #13 at 15). Plaintiff requested a hearing, which was held on October 3, 2018 via videoconference before administrative law judge ("ALJ") David J. Begley. Plaintiff and vocational expert Ronald Malik appeared and testified.

The ALJ issued a decision on January 8, 2019, finding plaintiff not disabled. (Dkt. #13 at 15-25). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 25, 2020. (Dkt. #13 at 1-3). This appeal followed.

The plaintiff has moved for judgment on the pleadings requesting remand of the matter for further proceedings (Dkt. #15), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #19), pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-settled five step sequential evaluation, and the Court assumes the reader's familiarity therewith. *See Bowen v. City of New York*, 476 U.S. 467, 470 71 (1986). See 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ summarized plaintiff's medical records, and concluded that plaintiff's severe impairments consisted of degenerative disc disease of the lumbar spine, status-post fusion. (Dkt. #13 at 17).

Because the record also reflected diagnoses of depression and anxiety, the ALJ applied the special technique for mental impairments, and concluded that plaintiff has no limitation in understanding, remembering, or applying information, no limitation in interacting with others, a mild limitation in concentration, persistence and pace, and no limitation in adapting or managing herself. (Dkt. #13 at 18).

Plaintiff was fifty-two years old on the alleged onset date, with past relevant work as a teacher's aide. The ALJ determined that plaintiff has the residual functional capacity ("RFC") to perform light work, except that she is prohibited from climbing ladders, ropes and scaffolds. She

can no more than occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. Additionally, she must avoid concentrated exposure to slippery and uneven surfaces, hazardous machinery, unprotected heights, and open flames. (Dkt. #13 at 19).

When presented with this RFC at the hearing, the vocational expert testified that an individual with these limitations could perform plaintiff's past relevant work as a teacher's aide. (Dkt. #13 at 24). The ALJ accordingly found plaintiff not disabled.

## I. The ALJ's Step Two Findings

Plaintiff initially argues that the ALJ erred in declining to find that plaintiff's anxiety and depression were "severe" impairments at step two of the sequential analysis.

The second step's evidentiary requirement for demonstrating severity is *de minimis*, and is intended only to exclude the very weakest of cases. *See Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995). Thus, a step two finding of non-severity is only appropriate where "the medical evidence establishes only a 'slight abnormality' which would have 'no more than a minimal effect'" on an individual's ability to perform basic work activities. *Rosario v. Apfel*, 1999 U.S. Dist. LEXIS 5621 at *14 (E.D.N.Y. 1999) (quoting *Bowen v. Yuckert*, 482 U.S. 137, 154 n.12 (1987)).

I find no error in the ALJ's conclusion that plaintiff's anxiety and depression were non-severe. As the ALJ noted, plaintiff did not receive specialized mental health treatment. Her medical records indicate that her symptoms were successfully treated by her primary care provider with medication, and that her condition was generally stable during the relevant period. (Dkt. #13 at 18-19, 748). Furthermore, regardless of the ALJ's severity finding, the record does not indicate that plaintiff's depression or anxiety caused any particular work-related limitations that the ALJ failed to consider. As such, I find no error in the ALJ's determination that plaintiff's depression and

anxiety did not cause greater than minimal limitations on her ability to perform work-related functions, and thus were not severe impairments.

### II. The ALJ's Assessment of the Medical Opinion Evidence of Record Concerning Plaintiff's Exertional Limitations

With respect to plaintiff's exertional limitations, the record before the ALJ contained only one comprehensive, function-by-function RFC opinion by an examining physician, and no function-by-function RFC opinions by any of plaintiff's treating physicians.[1]

Consulting internist Dr. David Brauer examined plaintiff on December 8, 2016, and observed lumbar spinal motion reduced to 20 degrees, squat reduced to 60%, and resting tremors in both hands. The remainder of the examination findings were normal, with full range of motion and strength in plaintiff's extremities, normal gait and stance, normal sensation and reflexes, and intact hand and finger dexterity and grip strength. Dr. Brauer noted that he had also reviewed lumbar x-rays, which showed disc space narrowing. He determined that plaintiff had "moderate" limitations with respect to prolonged sitting, "moderate to marked" limitations in pushing, pulling, lifting, and carrying heavy objects, and "marked" limitations in full or repetitive bending or squatting. (Dkt. #13 at 527-31).

The ALJ gave Dr. Brauer's opinion "little" weight, finding that any moderate-to-marked limitations were inconsistent with "evidence of effective treatment and evidence of full strength and full range of motion of the extremities." (Dkt. #13 at 22). The ALJ's RFC finding limited plaintiff to a range of light work, with the ability to lift and carry up to 20 pounds: it did not include

---

[1] The record did contain several "opinions" from treating pain management specialists Dr. Gary Wang, Dr. Jerry Tracy, Dr. Eugene Gosy, and Dr. Nikita Dave, treating orthopedic surgeon Dr. William Capicotto, and independent medical examiner Dr. Narendra Kansal. However, each of these consisted solely of conclusory opinions concerning the ultimate issue of disability, or percentage-based assessments of overall disability, rather than assessments of plaintiff's functional limitations. The ALJ properly declined to grant controlling weight to these "opinions," as the ultimate issue of disability is reserved for the Commissioner. However, on remand, the ALJ is encouraged to recontact plaintiff's treating physicians to request properly detailed, function-by-function RFC assessments.

any limitations with respect to sitting, pushing, or pulling, and permitted "occasional" bending (stooping) or crouching (squatting). (Dkt. #13 at 19).

Plaintiff argues that the ALJ's rejection of the bulk of the limitations opined by Dr. Brauer was insufficiently supported, and that the ALJ's resulting RFC findings were not supported by substantial evidence.

The Court agrees. The ALJ's finding that the pushing, pulling, lifting, carrying, bending, and squatting limitations described by Dr. Brauer were inconsistent with "full strength and full range of motion in the extremities" was not logically sound, overlooked contrary evidence in the record, and created an evidentiary gap.

Initially, there was no reasonable basis for the ALJ to conclude that the limitations opined by Dr. Brauer to account for plaintiff's lumbar spinal degeneration were patently inconsistent with examination findings of full strength and range of motion in plaintiff's arms and legs. By holding that plaintiff's normal extremity findings somehow canceled out her abnormal lumbar spine findings, and thus provided a basis to reject the spine-related limitations that Dr. Brauer opined, the ALJ improperly focused only upon those portions of Dr. Brauer's opinion that were favorable to a finding of non-disability. *See generally Gregory S. v. Commissioner*, 2021 U.S. Dist. LEXIS 85179 at *8 (W.D.N.Y. 2021) (remand is appropriate where ALJ cherry picked "a few scattered examination findings" and minimized the breadth and consistency of contradictory evidence of record).

Nor did the ALJ sufficiently explain how scattered reports of post-surgical "improvement" in some of plaintiff's pain symptoms served to undermine Dr. Brauer's opinion, particularly when nothing in the opinion suggested that any of the limitations it described were meant to account for pain, rather than for the diminished range of motion in the lumbar spine and difficulty squatting

that Dr. Brauer observed. These functions demonstrably did *not* improve after plaintiff's spinal fusion surgery in July 2017. *See* Dkt. #13 at 1056-60 (August 7, 2018: plaintiff presents for continued chronic low back pain, physician notes January 16, 2018 MRI of the lumbar spine which was abnormal, showing disc bulges and slight foraminal stenosis); 1039-41 (August 7, 2018, plaintiff presents for pain management, and is noted to have an antalgic, slow gait and limited range of motion, despite full strength); 1072 (August 14, 2018 examination: lumbar spinal flexion and extension limited to no more than 20 degrees and 6 degrees respectively, with 60 degrees and 25 degrees being "normal"); 1090 (August 24, 2018 lumbar spine MRI continue to show mild to moderate degenerative changes and disc bulging at L2-3 and L3-4).

Furthermore, even assuming *arguendo* that the ALJ had properly supported his decision not to credit the bulk of Dr. Brauer's opinion, the rejection of that opinion created a gap in the record which deprived the ALJ's RFC finding of adequate evidentiary support. While an ALJ may base an RFC assessment on evidence other than medical opinions, such as treatment notes and activities of daily living, the instant record lacked sufficient evidence to do so. Plaintiff's treatment notes and surgical records did not contain sufficient detail about her exertional and postural limitations to support the highly specific RFC finding reached by the ALJ, and the ALJ's RFC finding presumed exertional abilities far in excess of those to which plaintiff testified. *See Monroe v. Commissioner*, 676 Fed. Appx. 5, 9 (2d Cir. 2017) (unpublished opinion); *Moreau v. Berryhill*, 2018 U.S. Dist. LEXIS 41743 at *28-*29 (D. Conn. 2018).

Because the ALJ failed to provide a sufficient explanation for rejecting Dr. Brauer's opinion and did not rely on any other medical opinion in crafting his RFC, and because the record lacked sufficient alternative evidence for the ALJ to reach an informed RFC determination, the ALJ's findings amounted to an improper substitution of his "own expertise or view of the medical

proof [in place of] any competent medical opinion," and remand is appropriate. *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015). *See generally Moreau v. Berryhill*, 2018 U.S. Dist. LEXIS 4173 at *33-*34 (D. Conn. 2018).

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings (Dkt. #15) is granted, the Commissioner's cross motion (Dkt. #19) is denied, and the matter is remanded for further proceedings. On remand, the ALJ is directed to reassess Dr. Brauer's opinion, to supplement the record as appropriate by recontacting plaintiff's treating and examining physicians and/or obtaining additional medical opinions with specific function-by-function assessments of plaintiff's residual functional capacity, and to reach a new disability determination which is supported by substantial evidence.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       August 31, 2021